UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THREE LOWER COUNTIES COMMUNITY HEALTH SERVICES, INC., on behalf of itself and others similarly situated, )))) | |
| Plaintiff, )) | |
| v. ) | Case No. 1:07CV0844 (ESH) |
| MICHAEL O. LEAVITT, Secretary of Health and Human Services, )))) | |
| Defendant. )) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff filed its complaint asking this Court to set aside two of the Secretary's "reasonable cost" limits applied to payment to "federally-qualified health centers" ("FQHCs"). The Secretary has moved to dismiss this matter based upon Plaintiff's failure to meet the jurisdictional prerequisites for this Court's review, including presenting its claim to the Secretary, as well as Plaintiff's failure to establish facts necessary to demonstrate its standing before this Court. Plaintiff has opposed this motion, arguing either (1) it does not have to "channel" its regulatory challenge pursuant to the Medicare statute and interpreting case law; (2) whatever is required by way of channeling "it did"; or (3) whatever the "aims" of such channeling may be, "they have been met." Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl's Opposition") at 1. Plaintiff does not appear to apprehend that one of the unassailable, bedrock principles of judicial review of Medicare payment disputes is that, first, such disputes must be presented to the Secretary in the context of a concrete request for

payment, and then such disputes must be channeled through the Secretary's administrative review processes. The law relating to federal court jurisdiction over Medicare disputes is clear. The federal question jurisdiction that Plaintiff attempts to invoke is simply unavailable. The Medicare Act provides a specific and exclusive avenue of review that Plaintiff must utilize in order to obtain judicial review. That avenue demands that Plaintiffs' regulatory challenge be brought to the Secretary first, and only then to this Court in the context of a denial of a specific claim for payment. Plaintiff could have brought such a challenge but it has chosen not to do so.

Furthermore, Plaintiff's regulatory challenge – brought outside of the context of a specific claim for Medicare reimbursement – lacks the necessary requirement of any demonstrable injury in fact. As of the filing of its Opposition, Plaintiff has yet to adduce any facts that demonstrate that either of the reasonable cost measures about which it complains have been applied to any specific requests for payment which are the subject of this case. Plaintiff's decision to proceed in the manner in which it has is fatal to this Court's jurisdiction. Accordingly, its complaint should be dismissed.

## ARGUMENT

1. As noted in the Secretary's memorandum accompanying his motion to dismiss this matter (Dismissal Mem.), Plaintiff in this matter is before this Court having never presented its claims for payment to the Secretary, having never had its claims for payment denied by the Secretary's contractor which makes the initial determination, and having never pursued those claims through the administrative appeals process. Now, in its opposition to the Secretary's motion to dismiss, Plaintiff offers that it is correct that "it had not determined whether either of the limits" about which it complains would apply to any specific claim for payment, and that, as

such, Plaintiff "was not 'dissatisfied with a final determination' from its intermediary." Pl's Opposition at 3.¹ Such admissions are determinative of how this Court should dispose of this matter. The Medicare statute and case law make clear that the Secretary's administrative review procedures are the only avenue to federal court available to Plaintiff to the exclusion of federal question jurisdiction. Specifically, the Medicare statute provides that

> no decision of the Secretary of the Department of Health and Human Services shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary or the Department of Health and Human Services, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28, United States Code, to recover on any claim arising under this title.

42 U.S.C. § 405(h), as incorporated into the Medicare statute by 42 U.S.C. § 1395ii (emphasis added).

This language has been broadly interpreted by the courts as precluding general federal question jurisdiction over any case that arises under the Medicare Act. This is just such a case. Plaintiff wishes to challenge certain of the Secretary's reasonable cost measures – the so-called "per visit payment limit" and the "productivity screen" – that are utilized to determine the amount of payment to FQHCs. Complaint ¶¶ 62, 68. Both the standing and substantive basis for Plaintiff's claim is the Medicare Act. What Plaintiff seeks from this Court is a declaration that the two reasonable cost measures are unlawful and "appropriate adjustments in payments." Complaint pp.29-30. Therefore, its is a claim that "arises under the Act" and may only be pursued as prescribed in the Act. Weinberger v. Salfi, 422 U.S. 749, 760 -761 (1975); Shalala v.

---

¹ Plaintiff's concession that is fails to meet the "dissatisfaction" requirement of 42 U.S.C. § 1395oo(a) is enough alone to deprive this Court of subject matter jurisdiction. See Little Comp. of Mary Hosp. and Health Ctrs. v. Shalala, 24 F.3d 984, 992 (7th Cir. 1994) ("'dissatisfaction' is a jurisdictional requirement").

Illinois Council on Long Term Care, 529 U.S. 1, 12 (2000); Heckler v. Ringer, 466 U.S. 602, 614-15 (1984); American Chiropractic Assn. v. Leavitt, 431 F.3d 812, 816 (D.C. Cir. 2005). It makes little difference to the jurisdictional question whether the case may present a challenge to a specific payment amount, a challenge to a regulatory proscription, or whether it raises some purported constitutional infirmity. Illinois Council, 529 U.S. at 14; Dismissal Mem at 18. If the case arises under the Medicare Act, general federal question jurisdiction is precluded.

The only exception to this preclusion is where a claimant has no way in which to access the Medicare appeal mechanisms provided for in the Medicare statute, so as to "practically cut off any avenue to federal court." American Chiropractic Assn., 431 F. 3d at 816; see also National Athletic Trainers' Assn. v. U.S. Dept. of Health and Human Services, 394 F. Supp. 2d 883, 893 (N.D. Tex. 2005); aff'd 455 F. 3d 500, 503 (5th Cir. 2006). This is a very narrow exception that is simply inapplicable here. Plaintiff effectively concedes, as it must, that it could have accessed the available administrative processes by filing a claim for payment on a cost report. Pl's Opposition at 3 (one of Plaintiff's arguments is amount of time to appeal a cost report). A denial of Plaintiff's claims for payment would have provided access to the well-established Medicare appeals process. If that claim was ultimately denied by the Secretary the doors to judicial review would be opened. 42 U.S.C. § 1395oo; 42 C.F.R. § 405.1857.

Plaintiff concedes that it has not followed this path to review, apparently because it believes (a) it is sufficient for Plaintiff to be confronted with the mere specter of the cost limits being applied to it; and (b) it could have proven futile and would have taken too long. Pl's Opposition at 3. However, these are no excuses. Illinois Council makes clear that even if the agency lacks authority to decide the provider's claim (which is not the case here), and even

though presenting the claim to the agency may take time, exhaustion is still required.  See Illinois Council, 529 U.S. at 20 ("Congress may well have concluded that universal obligation to present a legal claim first to HHS, though postponing review in some cases, would produce speedier, as well as better, review overall"); id. at 23 (that agency may lack power to provider a hearing "is beside the point because it is the 'action' arising under the Medicare Act that must be channeled through the agency").  Because the Plaintiff, an FQHC, could have availed itself of the Medicare appeals process by filing a claim for payment and proceeding to court along that path, it cannot be heard to argue that it has no available avenue to judicial review under the Medicare Act.  That avenue was available, but simply not chosen.  Because the Medicare Act could have led this Plaintiff to court, the preclusive effect of 42 U.S.C. § 405(h) is fully applicable, and no exception to the rule applies here.

     2.  Nonetheless, Plaintiff appears to misapprehend the statute and case law relating to federal court jurisdiction over Medicare disputes.  Plaintiffs do not have the discretion to decide whether to bring their Medicare challenges as part of a claim for payment under the Medicare statute, or as a discrete legal challenge under the federal question statute.  Section 405(h) makes clear that there is only one avenue available to challenge decisions that arise under the Medicare Act.  Medicare providers wishing to challenge a Medicare regulation must file a claim for payment and proceed accordingly to the PRRB and ultimately to federal court.  42 U.S.C. § 1395ff(b); 42 U.S.C. § 405(g).

     In this case, the Plaintiff apparently tried to create a new route by not filing a claim for Medicare payment (i.e., a cost report), instead submitting what it terms its "agency appeal of the two limits" questioning the per visit payment limit and the productivity screen.  In its Opposition

Memorandum, Plaintiff asserts that it wrote a letter which "sought a ruling as to whether the [Provider Reimbursement Review Board ("PRRB")] had the authority to address challenges to two limits on Medicare FQHC reimbursement . . ." and that Plaintiff "even explained [to the PRRB] the reasons why it did not believe that the PRRB had jurisdiction over these challenges." Pl's Opposition at 4.  What Plaintiff does not assert – what Plaintiff cannot assert – it that is raised such a challenge in the context of filing a cost report making a specific claim for Medicare payment.  Plaintiff's letters, submitted outside the context of a properly filed administrative appeal, is not an administrative appeals process contemplated by the Medicare statute and it cannot open the doors to judicial review; with no specific claim to Medicare payment, it has no regulatory challenge that can lead to administrative and judicial review.  See Colorado Clinical Labs, Inc. v. Newman, 1990 WL 282590 (N.D. Tex. May 24, 1990) (provider's decision to raise its dissatisfaction with the methods used to calculate its reimbursement through correspondence to the agency rather than to pursue its claims through the available appeals process deprived the court of subject matter jurisdiction).

  The Supreme Court put these questions to rest more than twenty years ago in Heckler v. Ringer, 466 U.S. 602, 621-622 (1984), the principal case upon which Plaintiff (mistakenly) attempts to rely in support of its argument that it need not pursue its administrative remedies before coming to this Court.  Ringer sought to challenge a formal ruling that would deny Medicare coverage for a surgical procedure (bilateral carotid body resection ("BCBR")) he wished to obtain.  He sought a judicial determination that the Secretary's rule was contrary to the Medicare statute and the due process clause of the U.S. Constitution.  Because he had not yet received the services, he attempted to distinguish his challenge from one seeking a claim for

specific Medicare payment – the same alleged distinction presented by Plaintiff herein.  The Supreme Court squarely rejected his efforts.  The Court found that "although it is true that Ringer is not seeking the immediate payment of benefits, he is clearly seeking to establish a right to future payments should he ultimately decide to proceed with BCBR surgery. . . . The claim for future benefits must be considered as a 'claim arising under' the Medicare Act . . . ."  Id. at 621.

The court went on to caution that "if we allow claimants in Ringer's position to challenge in federal court the Secretary's determination, embodied in her rule, that BCBR surgery is not a covered service, we would be inviting them to bypass the exhaustion requirements of the Medicare Act by simply bringing declaratory judgment actions in federal court before they undergo the medical procedure in question . . . ."  Id.  The Court made clear that Congress has foreclosed such relief, "requiring instead that a claim could be filed for [the Secretary's] scrutiny only after the medical service for which payment is sought has been furnished."  Id.  Finally, the Court articulated that a plaintiff "must pursue his claim under that section in the manner which Congress has provided.  Because Ringer has not given the Secretary an opportunity to rule on a concrete claim for reimbursement, he has not satisfied the nonwaivable exhaustion requirement of § 405(g)."  Id. at 622.  Because no such claim had been submitted, the Court found the District Court had no jurisdiction to entertain Ringer's challenge to the rule.

Ringer is on all-fours with the instant case.  As the Court required of Ringer, Plaintiff here must file a claim for payment with the Secretary "in the manner which Congress has provided" before its dispute will be cognizable in district court.  As in Ringer, Plaintiff cannot circumvent the administrative process by casting its dispute as a regulatory challenge, rather than one for payment.  Indeed, a review of its claim demonstrates that, similar to the claim filed by


Mr. Ringer, Plaintiff's is a claim for future payment: just as Ringer sought to overturn a rule prohibiting coverage of BCBR surgery, Plaintiff here seeks to overturn two of the Secretary's reasonable cost measures used to determine payments to FQHCs. Similarly, as noted above, Ringer establishes that it is of no moment that Plaintiff could possibly be denied administrative relief on such a claim for payment because an administrative tribunal is likely to follow the agency's rules, or that the filing of a claim for payment may delay the eventual resolution of this dispute. Ringer, 466 U.S. at 627; see also Illinois Council, 529 U.S. at 13, 23.[2]

Thus, the Medicare statute, as elucidated by the case law, demands that a challenge to Medicare's rules only be raised in the context of a claim for payment. This is the system established by Congress. It cannot be circumvented by obfuscating a complaint as something other than a claim for Medicare payment. Plaintiff's decision to forego the claims process and attempt to bring this suit as a declaratory action on the validity of the Secretary's rules is the

---

[2] Plaintiff's flawed reading of Ringer is akin to its flawed reading of the other district court cases upon which Plaintiff attempts to rely in order to argue that Plaintiff need not pursue administrative remedies before bringing its claims in this Court: American Lithotripsy Society v. Thompson, 215 F.Supp. 2d 23 (D.D.C.); National Ass'n of Psychiatric Heath Sys. v. Shalala, 120 F.Supp. 2d 33 (D.D.C. 2000); American Chiropractic Ass'n v. Shalala, 131 F.Supp 2d 174 (D.D.C. 2001). See Pl's Opposition at 14-17.

In those cases, the courts looked to whether judicial review was, in effect, practically denied because, for example, of the "severity of the penalty" necessary to allow for administrative review, American Lithotripsy, 215 F.Supp. 2d at 29, or because in order to obtain judicial review the plaintiff would have to "violate a condition of participation, or face the draconian sanction of termination from the Medicare program." National Ass'n of Psychiatric Heath Sys., 120 F.Supp. 2d at 38-39. By contrast, Plaintiff here need not incur any penalty at all in order to pursue administrative review. Plaintiff need only file a claim for Medicare payment noting that it seeks to challenge the reasonable cost measures about which it complains, and pursue a properly filed administrative appeal accordingly. There is no barrier at all to Plaintiff pursuing an administrative appeal, let alone a barrier so great as to practically deny administrative and judicial review.

same end run attempted by plaintiffs in Ringer and Illinois Council and squarely rejected by the Supreme Court both times. It should be similarly rejected by this Court. Plaintiff can easily bring its regulatory challenge to the Secretary in the context of a claim for payment. Its decision not to do so precludes judicial review at this time.

   3. Plaintiff's failure to file a cost report and appeal any adverse determination likewise divests Plaintiff of the separate jurisdictional requirement that Plaintiff have an "injury in fact" in order to demonstrate that it has standing to bring its claims. In the Secretary's memorandum in support of his Motion to Dismiss, the Defendant noted that the Plaintiff did not allege that either of the reasonable cost measures about which it complains had actually been applied to any specific claim for payment that was brought in this lawsuit. In response, Plaintiff admits that "it had not determined whether either of the limits would impinge on its current year's reimbursement," Pl's Opposition at 3, but rather than cure this defect, Plaintiff attempts to shift the focus to "health center patients." Id. at 15.

   As an initial matter, it should be noted that Plaintiff did not bring this suit on behalf of "health center patients." Rather, Plaintiff brought this suit on behalf of TLC, "a 'health center' in that it currently receives grant funding under Section 330 of the Public Health Services ('PHS') Act." Complaint ¶ 5. Because Plaintiff did not bring this suit on behalf of "health center patients," this Court should not entertain its arguments that its standing is somehow derivative of "health center patients" generally. It is well accepted in this Court that a party may not amend a complaint by motion. Velikonja v. Mueller, 362 F. Supp. 2d 1, 3 n.2 (D.D.C. 2004) ("absent a formal motion to . . . amend the complaint, a court does not treat the contents of an opposition to a motion to dismiss as an amendment to a complaint"); In re Colonial Ltd. P'ship

Litig., 854 F.Supp. 64, 79 (D. Conn. 1994) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)).

Likewise, this Court should not entertain the argument that "health care patients" are harmed by either of the Medicare cost limits at issue. Plaintiff has not adduced any facts to support the bald argument that any health center patients have been harmed by either of the reasonable cost measures about which Plaintiff complains. Absent any facts to support the claim of such a harm, Plaintiff's argument that, "Of course, pleadings must be something more than ingenious academic exercise in the conceivable" fails. Warth v. Seldin, 422 U.S. 490, 509 (1975) (quoting United States v. SCRAP, 412 U.S. at 688), which the Supreme Court has cautioned against when performing the standing analysis. In support of his Motion to Dismiss, the Secretary noted that Plaintiff did not allege that either of the reasonable cost measures had been applied to any claim for payment. As of the filing of its Opposition, Plaintiff is still unable to make such an allegation. Accordingly, Plaintiff's complaint must be dismissed as it has failed to prove that Plaintiff (as opposed to unnamed others) has suffered an injury that is actual and imminent, as merely opposed to hypothetical or conjectural. See, e.g., Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005).

## CONCLUSION

For the foregoing reasons and those articulated in the Secretary's memorandum in support of his motion to dismiss, the Secretary respectfully submits that Plaintiff's complaint should be dismissed for lack of jurisdiction over Plaintiff's claim.

        Respectfully submitted,

           /s/
        JEFFREY A. TAYLOR
        United States Attorney
        D.C. Bar No. 498610

           /s/
        CHARLOTTE ABEL
        Assistant United States Attorney
        D.C. Bar No. 388582
        Civil Division
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 307-2332
        Facsimile: (202) 514-8780

           /s/
        ROBERT BALDERSTON
        Attorney
        U.S. Department of Health and
        Human Services
        Office of the General Counsel
        Room 5309, Cohen Bldg.
        330 Independence Ave, SW
        Washington, DC 20201
        (202) 619-3601
        Facsimile: (202) 401-1405

        Counsel for Defendant