UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THREE LOWER COUNTIES COMMUNITY HEALTH SERVICES, INC., on behalf of itself and others similarly situated )<br><br>Plaintiff, )<br><br>v. )<br><br>MICHAEL O. LEAVITT, Secretary of Health and Human Services, )<br><br>Defendant. ) | Case No. 1:07CV0844 (ESH) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION**

INTRODUCTION

Defendant hereby replies to Plaintiff's Motion for Reconsideration. The Court's judgment in this matter should stand and Plaintiff's Motion for Reconsideration should be denied because Plaintiff fails to demonstrate it meets the Court's standard for granting a Rule 59(e) motion to alter or amend judgment and the Court's Memorandum Opinion of October 9, 2007, correctly held that Plaintiff's failure to follow the available administrative review process deprived the Court of subject matter jurisdiction to hear Plaintiff's claims at this time.

ARGUMENT

1. As an initial matter, Plaintiff fails to demonstrate that it meets the standard for granting a Rule 59(e) motion to alter or amend judgment. Plaintiff filed a "Motion for Reconsideration and Supporting Memorandum of Points and Authorities" ("Memorandum") on October 19, 2007. Courts treat motions for reconsideration as motions to alter or amend judgment pursuant to Rule 59(e) when the motion is filed within 10 days of the entry of judgment

at issue. The Court issued its Memorandum Opinion on October 9, 2007. Excluding holidays and weekends per Federal Rule of Civil Procedure 6(a), Plaintiff filed its Motion eight days after the Court entered its judgment. Because Plaintiff filed its Motion less than ten days after the Court's entry of judgment, the Court analyzes the Motion under Rule 59(e). Sieverding v. American Bar Ass'n, 239 F.R.D. 288, 289 n.2 (D.D.C. 2006).

Rule 59(e) motions are discretionary and, in order to prevail, a movant must show (1) an intervening change of controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice. Jung v. Ass'n of American Med. Colleges, 184 Fed.Appx. 9, 13 (D.C. Cir. 2006) (citing Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59(e) motion is not a second opportunity for the movant to present previously argued points on which the court has already ruled or theories, facts, or evidence that could have been presented earlier but were not. Niedermeier v. Office of Baucus, 53 F.Supp.2d 23, 28 (D.D.C. 2001).

Plaintiff's Memorandum does not address the standard with regard to motions to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. More important, however, Plaintiff fails to meet its burden under this standard by failing to identify any change of controlling law, new evidence, or a clear error in the Court's judgment. Because Plaintiff omits both identification of the Rule 59(e) standard and any articulation of how its Motion meets this standard, Plaintiff's Motion should be denied.

2. Plaintiff bases its primary grounds for reconsideration on Bethesda Hospital Ass'n v. Bowen, 485 U.S. 399 (1988), in which the Supreme Court held that the Medicare statute does not divest the Provider Reimbursement Review Board ("PRRB") of jurisdiction to hear an

administrative appeal challenging a regulation when a provider submits a cost report "in full compliance with the unambiguous dictates of the Secretary's rules and regulations . . . ." Bethesda Hospital, 485 U.S. at 404. As an initial matter, the Secretary notes that Bethesda Hospital was decided by the Supreme Court nearly twenty years ago and that Plaintiff did not cite Bethesda Hospital in filing its Opposition to the Secretary's Motion to Dismiss. Thus, Plaintiff has not only failed to show that its Motion to Reconsider is supported by an intervening "change" in controlling law, but Plaintiff is also attempting to argue a legal theory that could have been presented in its Opposition to the Secretary's Motion to Dismiss, but was not.

  More to the point, however, Bethesda Hospital has nothing whatsoever to say about whether a provider can pursue a Complaint in federal court that seeks to overturn cost limits without first attempting to pursue administrative remedies. In Bethesda Hospital, the Court was confronted with the narrow question whether a provider could still challenge the validity of the Secretary's regulations when the provider "failed to contest the regulation's validity in the cost report submitted to its fiscal intermediary." Id. at 401 (emphasis added). After reviewing the relevant portion of the Medicare statute, the Court found that there was no statutory bar to the Provider Reimbursement Review Board hearing such a claim; that is, a provider submitting a cost report in compliance with the Secretary's regulations "does not, by itself, bar the provider from claiming dissatisfaction with the amount of reimbursement allowed by those regulations." Id. at 404.

  Thus, it is clear that the issue before the Court in Bethesda Hospital was the interplay between what is filed on a cost report and what is necessary to give rise to the PRRB's jurisdiction over a provider's "dissatisfaction" with a decision of a fiscal intermediary. Id. at

404-05. The resolution of that question, which has been the state of the law in the Medicare program for almost twenty years, has nothing whatsoever to say about whether a provider can maintain a suit in federal court without filing a cost report at all, or without appealing any aspect of that cost report through the administrative review process. Bethesda Hospital simply cannot be stretched so far as to argue that "the Court decided that the providers could bring their case to the PRRB without a cost report in hand . . . ." Pl's Memorandum at 3. To the extent Plaintiff actually believes that to be the holding of Bethesda Hospital, it is simply incorrect.

     Thus, the Court in Bethesda Hospital was clear that its holding in that case applied to providers that filed a cost report and submitted a timely appeal. Such providers "stand on different ground" than providers like the those in the instant case, "who bypass a clearly prescribed exhaustion requirement or who fail to request from the intermediary reimbursement for all costs to which they are entitled" under the Secretary's regulations. Bethesda Hospital, 485 U.S. at 404-405. The Court in Bethesda Hospital made clear that by allowing for the possibility that providers could pursue administrative appeals on the basis of their as-filed cost report, such an opportunity did not (and could not) affect the "the nonwaivable requirement" that a claim for payment "shall have been presented to the Secretary." See Heckler v. Ringer, 466 U.S. 602, 614 (1984). Because Plaintiff cannot demonstrate that it has presented such a claim for payment to the Secretary and pursued an administrative appeal, Bethesda Hospital cannot provide Plaintiff with any basis to argue that this Court should grant its Motion for Reconsideration to correct any error, let alone a "clear error" in the Court's Memorandum Opinion.

     3.   The remaining arguments presented in Plaintiff's Motion to Reconsider attempt to persuade the Court, once again, that Plaintiff need not pursue its administrative remedies in order

to challenge certain of the Secretary's reasonable cost measures at issue here. In support of this argument, Plaintiff cites its own opposition and submits a declaration in support of the unremarkable proposition that "Section 330 grant awards provide funding that the health centers need to support their provision of health care to the poor, uninsured and underinsured patients." Pl's Memorandum at 5 (citing declaration and "TLC's Opposition Memorandum at 11-13"). What Plaintiff fails to demonstrate, however, is how these alleged differences in Federally Qualified Health Centers ("FQHCs") do anything to change the Court's analysis that (1) Plaintiff's claims "arise under" the Medicare Act; (2) Plaintiff has an avenue for judicial review, after administrative exhaustion, under the Medicare Act; and (3) Plaintiff cannot avoid the requirements of administrative exhaustion by claiming that it is bringing this suit on behalf of additional people, who the provider could treat were it to receive additional payment.*

Plaintiff once again attempts to argue that it is also bringing this suit on behalf of non-Medicare patients who "do not want Medicare to pay them or their providers for their services." Pl's Memorandum at 7. Rather, Plaintiff maintains that these theoretically harmed non-Medicare patients "want Medicare to pay fully for an FQHC's care to its beneficiaries." Id. These arguments do not alter the Court's judgment in this matter. In considering and rejecting this

---

* Plaintiff also appears to be maintaining the argument that the letters it submitted to the PRRB are sufficient because "TLC specifically asserted the unlawfulness of the limits" as well as "jurisdictional issues" under the Medicare Act, and "expedited judicial review" under the Secretary's regulations. Pl's Memorandum at 8. What Plaintiff does not maintain and cannot maintain is that it has properly filed and appealed a cost report to the PRRB, which would then give rise to the Board's jurisdiction to hear Plaintiff's arguments. Other than making the claims again in a Motion to Reconsider, Plaintiff does not point to any error in the Court's consideration and rejection of such arguments in its October 9, 2007 Memorandum Opinion. See Memorandum Opinion at 6-7 n.4 (citing Heckler v. Ringer, 466 U.S. at 617 and noting that while Plaintiff claims to have pursued EJR by sending a letter to its intermediary, Plaintiff "admits that it did not complete the steps necessary to qualify for EJR" [citing Pl's Opposition at 3]).

claim in the October 9, 2007 Memorandum Opinion, the Court stated that this argument failed "for several reasons." First, the Court found that Plaintiff itself had a preexisting, available avenue for administrative relief and judicial review under the Medicare Act. Second, the Court found that Plaintiff "has failed to provide any factual basis" for its argument the cost limits at issue "have resulted in the denial of service" to theoretically harmed non-Medicare patients. And third, were the Court to entertain Plaintiff's argument, such a "exception" to administrative review would permit all providers to bypass Congress' statutorily required administrative appeals process by simply arguing that the suit was "brought on behalf of the additional people who could be treated, were the provider to receive more compensation." See Memorandum Opinion at 8.

Plaintiff's attempted reliance on additional exceptions to exhaustion, as allegedly described in Mathews v. Eldridge, 424 U.S. 319 (1976), see Pl's Memorandum at 8-9, is also unavailing. First, Plaintiff is not an individual dependent on his disability benefits, a key fact in Eldridge that led the Court to waive exhaustion. Moreover, the Court has more recently called into question the collaterability and futility exceptions to exhaustion discussed in Eldridge. See Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 13-14 (2000) (no reason to distinguish between collateral and non-collateral claims for exhaustion purposes); 23-24 (fact that agency may not be able to provide relief on a particular claim does not excuse exhaustion).

In making these arguments once again before this Court, Plaintiff is using its Motion for Reconsideration to present arguments that were considered, and rejected, by the Court in the first instance. Plaintiff fails to articulate how its arguments demonstrate any error in the Court's decision (other than Plaintiff's disagreement with it), let alone demonstrate how such an error

rises to the level of a "clear error" under the exacting standards for a Motion for Reconsideration under Rule 59(e).  When a Motion to Reconsider does "little more than rehash old arguments," Oto v. Metro. Life Ins. Co. 224 F.3d 601, 606 (7th Cir. 2000), and fails to demonstrate new facts or establish clear legal error, such a motion should be denied.

For this reason, as well as all the other reasons articulated above, the Secretary respectfully requests that the Court deny Plaintiff's Motion for Reconsideration.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

/s/
CHARLOTTE ABEL
Assistant United States Attorney
D.C. Bar No. 388582
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-2332
Facsimile: (202) 514-8780

/s/
ROBERT BALDERSTON
Attorney
U.S. Department of Health and
     Human Services
Office of the General Counsel
Room 5309, Cohen Bldg.
330 Independence Ave, SW
Washington, DC 20201
(202) 619-3601
Facsimile: (202) 401-1405

_____ Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THREE LOWER COUNTIES COMMUNITY HEALTH SERVICES, INC., on behalf of itself and others similarly situated<br><br>        Plaintiff,<br><br>  v.<br><br>MICHAEL O. LEAVITT, Secretary of Health and Human Services,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:07CV0844 (ESH)<br>)<br>)<br>)<br>)<br>)<br>) |

**[Proposed] ORDER**

Having considered Plaintiff's Motion for Reconsideration, the Defendant's Opposition, and the entire record herein, it is this _____ day of _____, 2007,

ORDERED that Plaintiff's Motion for Reconsideration is denied.

_____
United Stated District Judge