UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
THREE LOWER COUNTIES COMMUNITY  )
HEALTH SERVICES, INC., *et al.*,          )
                                                        )
              **Plaintiff,**                          )
                                                        )
        v.                                              )   Civil Action No. 07-0844 (ESH)
                                                        )
U.S. DEPARTMENT OF HEALTH AND )
HUMAN SERVICES, *et al.*,                 )
                                                        )
              **Defendants.**                      )
_____)

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed this lawsuit seeking to enjoin the United States Department of Health and Human Services and its Secretary ("defendants") from applying two cost limits -- a per visit payment "cap" and a physician productivity "screen" -- when making cost reimbursements under the Medicare program to Federally-Qualified Health Centers ("FQHCs"). Defendants moved to dismiss for lack of subject matter jurisdiction. On October 9, 2007, the Court granted the motion to dismiss, holding that it lacked jurisdiction because plaintiff failed to exhaust its administrative remedies prior to filing suit. *Three Lower Counties Community Health Serv. Inc., v. U.S. Dept. of Health and Human Serv.*, -- F.Supp.2d -- , 2007 WL 2932767 (D.D.C. Oct. 9, 2007). Plaintiff now moves for reconsideration of the Court's Memorandum Opinion. For the following reasons, plaintiff's motion will be DENIED.

Because plaintiff filed its motion less than 10 days after the Court's entry of judgment, the Court will construe plaintiff's motion for reconsideration as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See, e.g.*, *Derrington-Bey v. District of*

*Columbia Dep't of Corr.*, 39 F.3d 1224, 1225-27 (D.C. Cir. 1994) (treating motion for reconsideration as a Rule 59(e) motion if it is filed within 10 days of entry of the challenged order). "A motion for reconsideration . . . will not be lightly granted." *Mobley v. Cont'l Cas. Co.*, 405 F.Supp.2d 42, 45 (D.D.C. 2005). Reconsideration is only appropriate when "the moving party shows new facts or clear errors of law which compel the court to change its prior position." *Nat'l Ctr. for Mfg. Sci. v. Dep't of Def.*, 199 F.3d 507, 511 (D.C. Cir. 2000). *See also Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Such motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F.Supp.2d 23, 28 (D.D.C. 2001).

As a preliminary matter, plaintiff has failed to demonstrate that reconsideration is warranted. Plaintiff identifies no new facts or law, nor any error in the Court's reasoning that would compel the Court to alter its judgment. This alone is sufficient grounds for denying plaintiff's motion. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). *See also Katten v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993). "A motion for reconsideration will not be granted if a party is simply attempting to renew factual or legal arguments that . . . [were] asserted in . . . [the] original briefs and that were already rejected by the Court." *Pearson v. Thompson*, 141 F.Supp.2d 105, 107 (D.D.C. 2001).

However, even if the Court were to consider the motion on the merits, the outcome would be no different. Plaintiff's primary argument for reconsideration is that it satisfied the administrative exhaustion requirement of the Medicare statute "by submitting a formal written request for expedited

judicial review [EJR] . . . referencing the applicable statutory provision." (Pl.'s Mot. at 1; Pl.'s Reply at 1-2.) As the Court explained in its Memorandum Opinion, sending a letter referencing the EJR provision does not make plaintiff eligible for EJR. *Three Lower Counties Community Health Serv.*, 2007 WL 2932767, at *4 n.4. In order to qualify for EJR, plaintiff *must* have submitted a claim for benefits. The submission of a claim for benefits is a non-waivable component of the exhaustion requirement. *See Heckler v. Ringer*, 466 U.S. 602, 617 (1984) (internal quotation marks and citation omitted) ( "[T]he exhaustion requirement of §405(g) consists of a non-waivable requirement that a claim for benefits shall have been presented to the Secretary and a waivable requirement that the administrative remedies prescribed by the Secretary be pursued fully by the claimant."). Because plaintiff did not present a claim for benefits, it was not eligible for EJR.[1]

Plaintiff's remaining arguments have also been considered and rejected by the Court. Plaintiff again contends that as an FHQC it should not be subject to the exhaustion requirement, or alternatively, that the purpose of the exhaustion requirement has been met here. (Pl.'s Mot. at 4, 8; Pl.'s Reply at 4.) However, as the Court previously explained, the Supreme Court has interpreted the exhaustion provision of the Medicare Act to require all legal challenges to be channeled through

---

[1] Plaintiff argues that the Supreme Court's holding in *Bethesda Hosp. Ass'n v. Bowen*, 485 U.S. 399 (1988), supports its claim for EJR in this case. Plaintiff mischaracterizes the holding of that case. The *Bethesda Hospital* Court determined that the PRRB may not decline to consider a challenge to a regulation on the basis that the provider failed to raise the validity of the cost regulation in the report submitted to its fiscal intermediary. *Id.* at 408. The Court concluded that under the plain language of the statute, the PRRB has jurisdiction "to review and revise a cost report with respect to matters not contested before the financial intermediary" so long as the matter concerned "a cost or expense that was incurred within the period for which the cost report was filed . . . ." *Id.* at 406. The Court did not hold, as plaintiff claims, "that the providers could bring their case directly to the PRRB without a cost report in hand . . . ." (Pl.'s Mot. at 3; Pl.'s Reply at 3.) To the contrary, the Court reaffirmed the necessity of filing a cost report by limiting the PRRB's review to the matters covered by such report. The holding of *Bethesda Hospital* is simply inapplicable.

the agency's administrative process, except when to do so would result in the denial of judicial review. *Three Lower Counties Community Health Serv.*, 2007 WL 2932767, at *3-4. Plaintiff, as an FQHC, has been provided with a mechanism for challenging these cost regulations and for seeking judicial review. *Id.* at *4. Plaintiff is therefore not exempt from exhausting its administrative remedies through the process Congress has provided. *Id.*

## CONCLUSION

For the above reasons, plaintiff's Motion for Reconsideration is DENIED.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: November 26, 2007